# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| v. ) | |
| ) | Case No. 12-cr-0627 |
| WALTER G. FREEMAN, ) | |
| ) | Judge Sharon Johnson Coleman |
| ) | |

## MEMORANDUM OPINION AND ORDER

The United States filed a five count indictment charging Defendant, Walter G. Freeman, ("Freeman"), with distribution of a controlled substance, being in possession of a firearm, and possession of a firearm in furtherance of a drug trafficking crime. Freeman moves to dismiss Count Five, possession of a firearm in furtherance of a drug trafficking crime, because the indictment is insufficient. Counts One, Two, Three, and Four are not at issue in this motion to dismiss. For the reasons stated below, this Court respectfully denies the motion to dismiss Count Five.

**Background**

The following facts are taken in the light most favorable to the government for the purposes of addressing this motion. However, as to whether Freeman initiated the conversation to exchange drugs for guns, the facts are in dispute.

In September 2011, as a result of an investigation by the bureau of Alcohol Tobacco and Firearms ("ATF") into firearms and the distribution of illegal narcotics in and around Chicago, Illinois, the ATF believed Freeman was involved in the distribution of illegal narcotics. Through the use of a Confidential Informant ("CI") and an Undercover Law Enforcement Agent ("UC"), the ATF purchased crack cocaine from Freeman on eight separate occasions. During the course of these drugs for cash transactions, Freeman and the UC began discussing firearms and the

possibility of an exchange of drugs for firearms. On August 9, 2012, Freeman met the UC and allegedly exchanged a quantity of marijuana for a toolbox containing four firearms. After the exchange, the UC signaled numerous law enforcement agents, who proceeded to arrest Freeman.

Freeman was charged in a five count indictment with distribution of a controlled substance, in violation of Title 21, United States Code, Section 841 (Counts 1, 2, and 4); being a felon in possession of a firearm, in violation of Title 18, United States Code, Section 922(g) (Count 3); and possession of a firearm in furtherance of a drug trafficking crime, in violation of Title 18, United States Code, Section 924(c)(1)(A) (Count 5).

Freeman moves to dismiss Count Five of the indictment by challenging the sufficiency of the allegations. Count five alleges a violation of 18 U.S.C. Section 924(c)(1)(A), which states: "any person who during or in relation to a any … drug trafficking crime … uses or carries a firearm, or who, *in furtherance* of any such crime, possess a firearm …." Freeman claims that trading drugs for guns does not satisfy the "in furtherance" prong of the Statute.

**Legal Standard**

Federal Rule of Criminal Procedure 12(b)(3)(B) allows a party to make a pretrial motion that challenges the sufficiency of an indictment. *United States v. Boender*, 691 F.Supp.2d 833, 837 (N.D. Ill. 2010). An indictment is constitutionally adequate and complies with the rules of criminal procedure when it: 1) states the elements of the offense charged; 2) informs the defendant of the nature of the charge so that he may prepare a defense; and 3) enables the defendant to plead an acquittal or conviction as a bar against future prosecutions for the same offense. *Boender*, 691 F.Supp.2d at 837. When evaluating the sufficiency of an indictment, the court must focus on the allegations, which the court must accept as true and in the light most favorable to the government. *United States v. Moore*, 563 F.3d 583, 586 (7th Cir 2009).

**Discussion**

In his motion to dismiss Count Five, Freeman claims that the exchange of drugs for guns does not satisfy the "in furtherance" prong of the crime. More specifically, Freeman asserts that the exchange of drugs for guns is a passive use of a firearm and should not constitute a crime under 18 U.S.C. § 924(c)(1)(A).

The Seventh Circuit has spoken directly on the issue of whether an exchange of drugs for guns constitutes possession "in furtherance" of a drug trafficking offense in *United States v. Doody*, 600 F.3d 752 (7th Cir. 2010). Freeman attempts to distinguish the facts of this case from *Doody* by suggesting, contrary to the government's account of the facts, the UC initiated the drugs for guns proposition, which is materially different from *Doody* and thus *Doody* should not control the outcome of this case. However, regardless of who initiated the conversation for the drugs for guns exchange, Freeman's argument fails.

Contrary to Freeman's argument, the facts of *Doody* are very similar to the case at bar. In *Doody*, the defendant sold powder cocaine to a confidential informant who at the time did not have money to pay for it. *Id.* at 753. The confidential informant instead offered his firearm in exchange for the drugs. *Id.* The Seventh Circuit found that this exchange for guns constituted possession of a firearm "in furtherance" of a drug trafficking crime. *Doody*, 600 F.3d at 756. The court further explained that unless Doody had been willing to take possession of the gun in exchange for drugs, the transaction could not have taken place. *Id*. Thus, Doody's possession furthered the drug trafficking crime. *Id.* Here, similar to *Doody*, the indictment alleges that Freeman exchanged narcotics for a toolbox of firearms.

Freeman next asks this Court, contrary to the indictment, to apply the "uses" prong of 18 U.S.C. § 924(c)(1)(a) instead of the "in furtherance" prong. In support of this request, Freeman

relies on the following cases: *United States v. Westmoreland*, 122 F.3d 431 (7th Cir. 1997); *Smith v. United States*, 508 U.S. 223 (1993); *Bailey v. United States*, 516 U.S. 137 (1995); and *Watson v. United States*, 522 U.S. 74 (2007). However in each of the above cases, the defendants were charged under the "uses" prong of 18 U.S.C § 924(c)(1)(A). Moreover, *Westmoreland*, *Smith*, and *Bailey* were all decided prior to 1998 under the old version of 18 U.S.C. § 924(c)(a)(A). Congress amended the statute in 1998 to cover the passive possession of a firearm in furtherance of a covered felony. *See United States v. Dickerson*, 705 F.3d 683, 690 (7th Cir. 2013). *Watson* is equally in applicable because Watson was indicted under the "uses" prong of the statute. *Watson*, 522 U.S. at 78. Here, the indictment alleges Freeman violated the "in furtherance" prong of 18 U.S.C. § 924(c)(1)(A), not the "uses" prong and Freeman has not provided any authority for this Court to dismiss that count.

**Conclusion**

For the reasons stated above, the motion to dismiss Count Five of the indictment is denied.

IT IS SO ORDERED.

Date: October 18, 2013

Entered: _____
U.S. District Judge